IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | **CASE NUMBER 6:16-CR-31** |
| v. | § | |
| | § | |
| | § | |
| | § | |
| JAMAL BLANTON | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed January 4, 2022, alleging that the Defendant, Jamal Blanton, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I.  The Original Conviction and Sentence**

Blanton was sentenced on February 8, 2017, before The Honorable Ron Clark, of the Eastern District of Texas, after pleading guilty to the offense of Felon in Possession, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. Blanton was subsequently sentenced to 46 months' imprisonment, pursuant to a binding plea agreement, followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, and a $100 special assessment.

## II.  The Period of Supervision

On May 21, 2019, Blanton completed his period of imprisonment and began service of the supervision term. The case was transferred to U.S. District Judge Jeremy Kernodle. On November 21, 2019, the terms of supervision were modified to include alcohol abstinence and alcohol treatment and testing.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations. The petition alleges that Blanton violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Allegation 3. The Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

Allegation 4. The Defendant must not possess or consume alcoholic beverages.

## IV.  Proceedings

On September 13, 2022, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the second allegation that claimed he failed to notify his probation officer about

his arrest on December 13, 2021.   In return, the parties agreed that Blanton should serve a term

of nine months' imprisonment, with no supervised release to follow.  This term of imprisonment

shall run consecutively to his term of imprisonment in 9:22-CR-4.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised

release and require the defendant to serve in prison all or part of the term of supervised release

authorized by statute for the offense that resulted in such term of supervised release without

credit for time previously served on post-release supervision, if the court, pursuant to the Federal

Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by

a preponderance of the evidence that the defendant violated a condition of supervised release,

except that a defendant whose term is revoked under this paragraph may not be required to serve

on any such revocation more than five years in prison if the offense that resulted in the term of

supervised release is a Class A felony, more than three years if such offense is a Class B felony,

more than two years in prison if such offense is a Class C or D felony, or more than one year in

any other case. The original offense of conviction was a Class C felony, therefore, the maximum

imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence

that the Defendant violated conditions of supervision by failing to notify his probation officer of

his arrest, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. §

7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke

probation or supervised release; or (B) extend the term of probation or supervised release and/or

modify the conditions of supervision.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the policy statement imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release. The Defendant's agreed upon revocation sentence shall run consecutively to the term of imprisonment he is serving in case number 9:22-CR-4.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28

U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6.  The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a  standard condition of release that he failed to notify his probation officer of his arrest on December 13, 2021. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is IV.  The policy statement range in the Guidelines Manual is 6 to 12 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along  with  the aforementioned statutory sentencing factors will best be served by a prison sentence of 9 months, with no supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a standard condition of release by failing to notify his probation officer of his arrest. The petition should be granted and the Defendant's supervised release should be revoked

pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of nine (9) months' imprisonment with no supervised release to follow. This term of imprisonment shall run consecutively to his term of imprisonment in 9:22-CR-4.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 30th day of September, 2022.

_____
Zack Hawthorn
United States Magistrate Judge